(99 App. Div. 69.)

### YOSHIMI et al. v. FIDELITY FIRE INS. CO.

(Supreme Court, Appellate Division, Third Department. November 16, 1904.)

**1. INSURANCE—CANCELLATION OF POLICY—NOTICE TO INSURED.**

A policy of insurance providing for its cancellation "by giving five days' notice of such cancellation" is not canceled by the company notifying its agent to cancel it, where the insured was not notified for 12 days thereafter and until after loss by fire.

**2. SAME—GIVING UP POLICY.**

Defendant insurance company notified its agent to cancel plaintiff's policy. The agent did so, and issued plaintiff a policy of another company, but did not notify him of the cancellation and substitution until after loss by fire. After the fire the agent delivered the new policy, and plaintiff gave the agent defendant's policy. Held, that such giving up of the policy did not relieve defendant of liability thereon on the repudiation by the new company of its liability because its policy was not delivered until after the loss.

Appeal from Trial Term, Chemung County.

Action on a policy of insurance by Kyozo Yoshimi and another against the Fidelity Fire Insurance Company. From a judgment for plaintiffs and an order denying a new trial, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Frederick Collin, for appellant.
Seymour Lowman, for respondents.

CHESTER, J. The action is one brought to recover upon a standard fire insurance policy. The plaintiffs, in December, 1899, applied to one Peter Conroy, who was the general agent of the defendant and five other fire insurance companies, for insurance in the sum of $3,000 against damage by fire for the term of one year upon their stock of goods in store. Conroy, on the 7th of that month, issued and delivered to the plaintiffs two policies of insurance upon such goods for $1,500 each, one in the defendant company and one in the Teutonia Insurance Company. The policy issued in the defendant company contained the following provision: "This policy shall be canceled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation." The premiums on the policies were paid by the plaintiffs to Conroy, who was the agent for both companies. On January 6, 1900, Conroy was directed by the defendant to cancel its policy so delivered. No notice was served upon the plaintiffs, nor did they have any knowledge of the defendant company's desire to cancel such policy, until January 19, 1900. On the day before that the property covered by the policy of the defendant company was burned. On the day after the fire Conroy saw one of the plaintiffs, and told him that he had been ordered by the defendant company to cancel its policy, and that he had written a new one in the Palatine, which was another insurance company represented by Conroy, in the place of the one issued by the defendant. Conroy said to the plaintiffs that the new company was the one that was liable for the loss, and asked the plaintiffs to exchange policies, and said, "Anyhow, you are protected." Conroy then took the policy issued by the defendant company, and gave plaintiffs the one issued by the Palatine Company, the latter bearing date January 17th—the day before the fire. Thereafter adjusters representing the Palatine Company and the Teutonia Company fixed plaintiffs' loss at the sum of $2,200, and drafts were issued upon each company for one-half the loss, less a small discount for cash. The draft issued by the special agent of the Palatine Company to the plaintiffs was refused payment by that company on the ground that its policy was not delivered until after the fire. The plaintiffs thereupon filed proofs of loss with the defendant company, which acknowledged their receipt under date of March 12, 1900, and at the same time denied their liability under the policy on the ground that it had been canceled and surrendered. This action was thereafter brought upon the policy, and resulted in a verdict for the plaintiffs for the full amount claimed, and from the judgment entered thereupon this appeal is taken.

Although the defendant, on the 6th day of January, 1900, notified its agent to cancel the policy issued by it, neither the defendant nor Conroy gave any notice to the plaintiffs of their intention to cancel the policy until twelve days thereafter, and one day after the property insured had been destroyed by fire. There was no compliance by the defendant with the provision of the policy requiring five days' notice of a cancellation by it to be given, and until the giving of such notice the policy was not, by its terms, cancelable by the

defendant. The facts testified to by Conroy that on the day before the fire he marke'd the Fidelity Company policy canceled upon his books, and credited the premium on his books to the Palatine Company, was not effective, in the absence of the notice required in the policy, to cause such cancellation. The jury have found upon sufficient evidence that there was no cancellation of the policy.

Nor, to my mind, does the fact that one of the plaintiffs, before a cancellation and after the liability of the defendant had become fixed by the fire, received from Conroy a policy in the new company, and handed back to him the policy issued by the defendant, stand in the way of plaintiffs' recovery here. He was assured by the agent at that time that the new company was liable, and that he was protected by the change. When it turned out that the new company repudiated its liability, and that the plaintiffs were not protected by such a change, his permitting the substitution of one policy for another was not effective, in my opinion, to cancel the liability of the defendant, that had become fixed before the change was made. The obligation of the defendant to pay the loss could not be discharged in that way.

The appellant cites Jackson v. Fire Association of Philadelphia, 13 N. Y. St. Rep. 257, as an authority for its contention that the defendant is not liable, but that case rests upon the proven authority of the agent of the insurance company there to represent the insured in canceling one policy and issuing another, while here the testimony shows the agent was entirely without authority to represent the insured in canceling the old policy and issuing the new one.

The judgment and order should be affirmed, with costs. All concur.